1   PETER O. GLAESSNER, State Bar No. 93830
    pog@llcllp.com
2   LEORA R. RAGONES, State Bar No. 215423
    lragones@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    lragones@llcllp.com
4   Lake Merritt Plaza
    1999 Harrison Street, Suite 2600
5   Oakland, CA  94612-3541
    Telephone:     (510) 433-2600
6   Facsimile:     (510) 433-2699

7   Attorneys for Defendant, NATIONAL CREDIT
    UNION ADMINISTRATION, acting as liquidating
8   agent for KAIPERM FEDERAL CREDIT UNION

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  625 3RD STREET ASSOCIATES, LP, a          Case No.  C 09-03820 WHA
    California limited partnership,
13                                            (Related to Case No.  C 09-0564 WHA)
                         Plaintiff,
14                                            **STIPULATION FOR DEFENDANT**
         v.                                   **NATIONAL CREDIT UNION**
15                                            **ADMINISTRATION TO FILE AMENDED**
    THE BOARD OF THE NATIONAL                 **ANSWER TO PLAINTIFF'S AMENDED**
16  CREDIT UNION ADMINISTRATION, as           **COMPLAINT**
    Liquidating Agent for KAIPERM
17  FEDERAL CREDIT UNION, a federally
    chartered credit union, and KAIPERM
18  FEDERAL CREDIT UNION, a federal
    credit union, principally located in
19  Oakland, California,

20                       Defendants.

21

22       Defendant desires to add the following two affirmative defenses to its Answer to the First

23  Amended Complaint:

24                    **TWENTIETH AFFIRMATIVE DEFENSE**

25              70.    Plaintiff is equitably estopped from maintaining one
            or more of the causes of action alleged in the complaint by the
26          *D'Oench Duhme* doctrine, which limits the types of evidence that
            may be offered in support of a claim against the Liquidating Agent.
27          *See D'Oench Duhme & Co. v. Federal Deposit Ins. Corp.* 315 U.S.
            447 (1942).
28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2      71.    Plaintiff's complaint is barred by 12 U.S.C.
§1787(p)(2), and similar provisions of the Federal Credit Union
3      Act, which, in effect, codify the *D'Oench Duhme* doctrine.

4      Plaintiff believes these two affirmative defenses have no application to this action.

5      However, plaintiff agrees to allow defendant to file an amended answer to state the above-

6      described affirmative defenses upon the understanding that by so agreeing, plaintiff is doing so

7      only as a procedural matter.  By signing this Stipulation plaintiff is neither waiving any

8      substantive or procedural rights nor making any representations or certifications regarding the

9      content of the Amended Answer.

10      THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES

11      THAT:

12      Defendant NATIONAL CREDIT UNION ADMINISTRATION, acting as liquidating

13      agent for KAIPERM FEDERAL CREDIT UNION may file an Amended Answer to Plaintiff's

14      Amended Complaint in the form of its [Proposed] Amended Answer to Plaintiff's Amended

15      Complaint attached hereto as **Exhibit A**.

16

Dated:    December 9, 2009                    LAW OFFICES OF ANDREW R. WIENER

17

18                                            By: */s/ Andrew R. Wiener*
                                                  ANDREW R. WIENER
19                                            Attorneys for Plaintiff 625 3rd Street
                                              Associates, LP
20

21

Dated:    December 9, 2009                    LOMBARDI, LOPER & CONANT, LLP
22

23                                            By: */s/ Leora R. Ragones*
                                                  LEORA R. RAGONES
24                                            Attorneys for Defendant, National Credit
                                              Union Administration Board, acting as
25                                            liquidating agent for Kaiperm Federal Credit
                                              Union
26

27

28

*(left margin, vertical)* LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    Dated:    December 9, 2009          MATHENY SEARS LINKERT & JAIME
                                         LLP
2

3                                        By: /s/ Michael A. Bishop
                                             MICHAEL A. BISHOP
4                                        Attorneys for Defendant, Stanley Abrams

5

6    IT IS SO ORDERED.

7    December 10, 2009

8                                        

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578410.1          - 3 -          STIPULATION TO FILE AMENDED
                                                      ANSWER C 09-03820 WHA

# EXHIBIT A

PETER O. GLAESSNER, State Bar No. 93830
pog@llcllp.com
LEORA R. RAGONES, State Bar No. 215423
lragones@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
lragones@llcllp.com
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendant
National Credit Union Administration Board, acting
as liquidating agent for Kaiperm Federal Credit
Union

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 625 3RD STREET ASSOCIATES, LP, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF THE NATIONAL CREDIT UNION ADMINISTRATION, as Liquidating Agent for KAIPERM FEDERAL CREDIT UNION, a federally chartered credit union, and KAIPERM FEDERAL CREDIT UNION, a federal credit union, principally located in Oakland, California,<br><br>Defendants. | Case No.  C 09-03820 WHA<br><br>(Related to Case No.  C 09-00564 WHA)<br><br>**DEFENDANT NATIONAL CREDIT UNION ADMINISTRATION BOARD'S [PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

30861-38462 LRAGONES 578409.1

1    Defendant National Credit Union Administration Board, acting as liquidating agent for

2    Kaiperm Federal Credit Union ("Liquidating Agent"), hereby responds to the First Amended

3    Complaint for damages and equitable relief as follows:

4                                          **I.**

5                                  **THE PARTIES**

6    1.    Answering paragraph 1, the Liquidating Agent has insufficient information and

7    belief to admit or deny these allegations and, on that basis, denies each and every allegation in

8    this paragraph.

9    2.    Answering paragraph 2, the Liquidating Agent admits that Kaiperm Federal Credit

10   Union ("Kaiperm") was a federally chartered credit union before it was placed into involuntary

11   liquidation by the National Credit Union Administration on September 26, 2008, pursuant to the

12   authority of 12 U.S.C. §1787(1)(A). Liquidating Agent further admits it is the successor in

13   interest to Kaiperm, which ceased to exist on September 26, 2008 by operation of law. Answering

14   the last sentence of this paragraph, the Liquidating Agent has insufficient information and belief

15   to know Plaintiff's awareness of the liquidation process, and therefore denies this allegation on

16   information and belief; in any event, Liquidating Agent denies it has not acted in accordance with

17   law. Except as admitted above, the Liquidating Agent denies each and every remaining

18   allegation in this paragraph, if any.

19   3.    Answering paragraph 3, the Liquidating Agent admits that it is the appointed

20   liquidating agent for Kaiperm, and in that capacity possesses the authority granted to the

21   liquidating agent pursuant to 12 U.S.C. §1766 and other applicable statutes. The Liquidating

22   Agent further admits that it is empowered to receive and make an initial determination of merit of

23   any and all creditor's claims filed against Kaiperm and that it is sued herein solely in its capacity

24   as the liquidating agent of Kaiperm. Except as admitted above, the Liquidating Agent denies

25   each and every remaining allegation in this paragraph, if any.

26   ///

27   ///

28   ///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## II.

### JURISDICTION AND VENUE

4.     Answering paragraph 4, the Liquidating Agent admits that plaintiff filed a creditor's claim dated December 29, 2008.  Except as admitted above, the Liquidating Agent denies each and every  remaining allegation in this paragraph.

5.     Answering paragraph 5, the Liquidating Agent admits that it served a notice of denial of all plaintiff's creditor's claims by letter dated June 22, 2009.  The Liquidating Agent further admits that 12 C.F.R. §709.7 provides that a claimant may pursue claims that it previously made as a creditor claim in an appropriate United States District Court having jurisdiction over the place where the credit union's principal place of business is located.  The Liquidating Agent further admits that Kaiperm's principal place of business was located in Oakland, California. Except as admitted above, the Liquidating Agent denies each and every remaining allegation in this paragraph.

6.     Answering paragraph 6, the Liquidating Agent admits that Kaiperm's principal place of business was located in Oakland, California and that the damages claimed by plaintiff are in excess of the minimum jurisdiction of the United States District Court.  Except as admitted above, the Liquidating Agent denies each and every remaining allegation in this paragraph.

7.     Answering paragraph 7, the Liquidating Agent denies each and every allegation in this paragraph.

## III.

### JURY DEMAND

8.     Answering paragraph 8, the Liquidating Agent admits the Lease (but not the Purchase Sale Agreement) contains a waiver of jury trial as to certain claims thereunder, but that the plaintiff demands a trial by jury all causes of action, except as to the cause of action for rescission.  The Liquidating Agent further admits that it demands trial by jury on all claims alleged , to the extent not waived by the Lease and permitted by law. Except admitted above, the Liquidating Agent denies each and every remaining allegation in this paragraph; to the extent second sentence of this paragraph contains factual allegations, they are denied, though they

1 | appear to contain solely legal argument, which the defendant is not required to admit or deny.

2 | **IV.**

3 | **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4 | 9.     Answering paragraph 9, the Liquidating Agent admits that Kaiperm was formed in

5 | 1957 and was a federally chartered credit union prior to the time of its liquidation on

6 | September 26, 2008. The Liquidating Agent further admits that Kaiperm was the former owner

7 | of the property located at 2101 Broadway, Oakland, California (the "Property"). Except as

8 | admitted above, the Liquidating Agent denies each and every remaining allegation in this

9 | paragraph.

10 | 10.     Answering paragraph 10, the Liquidating Agent admits upon information and

11 | belief that plaintiff met with a broker to discuss purchase of the Property and a leaseback by

12 | Kaiperm. Except as admitted above, the Liquidating Agent denies each and every allegation in

13 | this paragraph.

14 | 11.     Answering paragraph 11, the Liquidating Agent admits that plaintiff and Kaiperm

15 | executed a letter of intent (LOI) regarding plaintiff's purchase of the Property for eight million

16 | dollars ($8,000,000.00). The Liquidating Agent further admits that the LOI set forth the materials

17 | plaintiff sought to receive as part of its exercise of due diligence. The Liquidating Agent further

18 | admits that the LOI contained a leaseback provision. Except as admitted above, the Liquidating

19 | Agent denies each and every allegation in this paragraph.

20 | 12.     Answering paragraph 12, the Liquidating Agent admits that Kaiperm directed

21 | plaintiff to the NCUA website to review the financial information then available online

22 | concerning Kaiperm. The Liquidating Agent further admits that Kaiperm's financial statements

23 | available online for the calendar year ending 2006 revealed that Kaiperm lost approximately

24 | $2,287,128.00 and that it lost another $1,411,308 for the first six months of 2007 ending in June

25 | 2007. The Liquidating Agent further admits that Kaiperm's financial statements available online

26 | also revealed that Kaiperm then met NCUA's standard for being "adequately capitalized". The

27 | Liquidating Agent admits that prior to the close of escrow, Kaiperm believed it was then viable

28 | and expected to  meet its present and future obligations under the Lease. Except as admitted

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

- 4 -

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

1  above, Kaiperm denies subparagraphs (A) and subparagraph (D), as specifically worded. Except

2  as admitted above, the Liquidating Agent denies each and every remaining allegation in this

3  paragraph.

4       13.    Answering paragraph 13, the Liquidating Agent admits that the purchase

5  transaction closed escrow sometime in August 2007. Except as admitted above, the Liquidating

6  Agent has no information or belief sufficient to admit or deny the remaining allegations in this

7  paragraph and, on that basis, denies each and every allegation therein.

8       14.    Answering paragraph 14, the Liquidating Agent admits that after the close of

9  escrow, Kaiperm became the tenant of the Property under the 15-year lease, at which time

10  Kaiperm occupied the property as its principal place of business. Except as admitted above, the

11  Liquidating Agent denies each and every remaining allegation in this paragraph.

12       15.    Answering paragraph 15, the Liquidating Agent admits that between September

13  2007 and May 2008 (and thereafter until the liquidation date), Kaiperm met all of its monetary

14  obligations under the lease. Except as admitted above, the Liquidating Agent denies each and

15  every remaining allegation in this paragraph.

16       16.    Answering paragraph 16, the Liquidating Agent admits that in May 2008, counsel

17  for Kaiperm discussed Kaiperm's financial condition with plaintiff. Except as admitted above,

18  the Liquidating Agent denies each and every remaining allegation in this paragraph.

19       17.    Answering paragraph 17, the Liquidating Agent admits that the NCUA Board

20  revoked the charter of Kaiperm and ordered Kaiperm into involuntary liquidation on September

21  26, 2008, appointing itself as the Liquidating Agent.

22       18.    Answering paragraph 19, the Liquidating Agent admits it sent a letter to plaintiff

23  advising it to file any creditor's claim by January 8, 2009, and enclosing the liquidation notice

24  published in local newspapers. Except as admitted above, the Liquidating Agent denies each and

25  every remaining allegation in this paragraph.

26       19.    Answering paragraph 19, the Liquidating Agent admits that on October 23, 2008,

27  it sent a letter by facsimile to plaintiff repudiating the Lease between Kaiperm and plaintiff.

28  Except as admitted above, the Liquidating Agent denies each and every remaining allegation in

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   this paragraph.

2       20.     Answering paragraph 20, the Liquidating Agent admits that it received

3   correspondence dated October 28, 2008 from counsel for plaintiff stating that it did not accept the

4   Liquidating Agent's repudiation of Lease and that it intended to assert alleged breaches of

5   warranties against Kaiperm.  Except as admitted above, the Liquidating Agent denies each and

6   every remaining allegation in this paragraph.

7       21.     Answering paragraph 21, the Liquidating Agent admits that it returned the keys to

8   the Property to plaintiff on or about October 23, 2008.  The Liquidating Agent further admits that

9   a notice of belief of abandonment was served on it on or about November 28, 2008, however the

10  Lease had been repudiated previously, effective October 23, 2008.  Except as admitted above, the

11  Liquidating Agent denies each and every remaining allegation in this paragraph.

12      22.     Answering paragraph 22, the Liquidating Agent denies each and every allegation

13  of this paragraph, as the Lease had been repudiated by the Liquidating Agent, effective October

14  23, 2008 pursuant to 12 U.S.C. §1787(c); therefore, the Lease could not have been terminated

15  pursuant to its terms.

16                              **V.**

17                    **FIRST CAUSE OF ACTION**

18                    **(Intentional misrepresentation)**

19      23.     Answering paragraph 23, the Liquidating Agent refers to and incorporates by

20  reference its admissions and denials herein to paragraph 1 through 22 of the First Amended

21  Complaint.

22      24.     Answering paragraph 24, the Liquidating Agent refers to its response to paragraph

23  12.  Answering subparagraphs (B) and (C), the Liquidating Agent admits Kaiperm was being

24  monitored by Problem Case Officer Bruce Lum of the NCUA, and was expected to address

25  various issues in Examination Reports and Documents of Resolution created by the NCUA;

26  however, Kaiperm had no duty to disclose such reports or matters related to such reports, because

27  they were strictly confidential. Except as admitted above, the Liquidating Agent denies each and

28  every allegation in this paragraph.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

- 6 -

1    25.    Answering paragraph 25, the Liquidating Agent admits that Kaiperm began

2    seeking a merger partner, beginning in January 2008.  Except as admitted above, the Liquidating

3    Agent denies each and every remaining allegation in this paragraph as worded, and specifically

4    denies that any affirmative, false representations of material fact were made to induce plaintiff to

5    enter into the subject purchase and leaseback transaction.

6    26.    Answering paragraph 26, the Liquidating Agent has no information or belief

7    sufficient to admit or deny the allegations in this paragraph and, on that basis, denies each and

8    every allegation therein.

9    27.    Answering paragraph 27, the Liquidating Agent has no information or belief

10   sufficient to admit or deny the allegations in this paragraph and, on that basis, denies each and

11   every allegation therein; however, the Liquidating Agent denies plaintiff would be entitled to any

12   damages as alleged in any event.

**VI.**

**SECOND CAUSE OF ACTION**

**(Fraudulent Concealment –against Defendant Kaiperm only)**

16   28.    Answering paragraph 28, the Liquidating Agent refers to and incorporates by

17   reference its admissions and denials herein to paragraph 1 through 27 of the First Amended

18   Complaint.

19   29.    Answering paragraph 29, to the extent such allegations are intended to apply to

20   defendant Liquidating Agent, the Liquidating Agent refers to and incorporates its response to

21   paragraphs 12 and 24.  The Liquidating Agent denies that any material facts and circumstances

22   were concealed from plaintiff by Kaiperm that it was under a duty to disclose, and denies that any

23   alleged concealments were intended to induce plaintiff into entering into the subject leaseback

24   transaction.

25   30.    Answering paragraph 30, the Liquidating Agent denies that any material facts or

26   circumstances were concealed from plaintiff by Kaiperm that it was under a duty to disclose, and

27   further denies the remaining allegations of each and every remaining allegation of this paragraph.

28   / / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

1    31.    Answering paragraph 31, the Liquidating Agent has insufficient information or

2  belief to know what plaintiff knew about Kaiperm's financial condition, and on that basis, denies

3  each and every allegation of this paragraph. To the extent this paragraph alleges Kaiperm acts or

4  conduct, Liquidating Agent refers to and incorporates paragraphs 12 and 24, in answer to such

5  allegations. Except as admitted above, the Liquidating Agent denies each and every allegation in

6  this paragraph, if any.

7    32.    Answering paragraph 32, the Liquidating Agent denies that Kaiperm concealed

8  any material facts or circumstances that it had a duty to disclose were concealed from plaintiff.

9  Answering the remaining allegations of paragraph 32, the Liquidating Agent has insufficient

10  information or belief to admit or deny these allegations and, on that basis, denies each and every

11  remaining allegation in this paragraph.

12    33.    Answering paragraph 33, the Liquidating Agent has no information or belief

13  sufficient to admit or deny the allegations in this paragraph and, on that basis, denies each and

14  every allegation therein; however, the Liquidating Agent denies plaintiff would be entitled to any

15  damages alleged.

16                                    **VII.**

17                        **THIRD CAUSE OF ACTION**

18                        **(Rescission and Restitution)**

19    34.    Answering paragraph 34, the Liquidating Agent refers and incorporates by

20  reference its admissions and denials herein to paragraphs 1 through 33 of the First Amended

21  Complaint.

22    35.    Answering paragraph 35, the Liquidating Agent denies that any misrepresentations

23  were made to plaintiff or that any material fact, or circumstances were concealed for plaintiff that

24  it had a duty to disclose. Further, to the extent paragraph 35 contains a legal conclusion,

25  defendant is not required to admit or deny legal argument or conclusion; nevertheless, the

26  Liquidating Agent further denies that plaintiff is entitled to rescind the purchase and sale

27  agreement, as the lease was entered into by Kaiperm and plaintiff was repudiated as permitted by

28  statute in October 2008.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

36.     Answering paragraph 36, the Liquidating Agent denies that plaintiff is entitled to rescission or restitution for any reason, and states that the Lease between Kaiperm and plaintiff was repudiated, effective October 23, 2008.  The Liquidating Agent further denies each and every remaining allegation in this paragraph.

37.     Answering paragraph 37, the Liquidating Agent denies that plaintiff is entitled to rescission of the purchase and sale agreement or restitution for any reason, as the lease between Kaiperm and plaintiff was validly repudiated pursuant to statute in October 2008.  The Liquidating Agent further denies each and every remaining allegation in this paragraph.

38.     Answering paragraph 38, the Liquidating Agent denies that plaintiff is entitled to rescission of the purchase and sale agreement or restitution for any reason, as the lease between Kaiperm and plaintiff was repudiated pursuant to 12 U.S.C. §1787(c).  The Liquidating Agent further denies each and every remaining allegation in this paragraph.

## VIII.

### FOURTH CAUSE OF ACTION

#### (Breach of Warranties)

39.     Answering paragraph 39, the Liquidating Agent refers to and incorporates by reference its admissions and denials herein to paragraphs 1 through 38 of the First Amended Complaint.

40.     Answering paragraph 40, the Liquidating Agent denies the allegations of this paragraph accurately or completely quote the warranties contained in Section 3.1; however, the Liquidating Agent admits the exact wording is contained in Exhibit 1, attached to the first amended complaint. Except as admitted above, the Liquidating Agent denies each and every further allegation in this paragraph herein.

41.     Answering paragraph 41, the Liquidating Agent denies each and every allegation in this paragraph.

/ / /

/ / /

/ / /

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    42.    Answering paragraph 42, the Liquidating Agent denies the allegations of this

2    paragraph accurately or completely quote the warranties contained in Section 3.1 and have taken

3    words out of their context. Further, the Liquidating Agent denies each and every remaining

4    allegation of this paragraph.

5    43.    Answering paragraph 43, the Liquidating Agent denies that any warranties were

6    made to induce plaintiff to act in the manner alleged. The Liquidating Agent further refers to and

7    incorporates by reference its admissions and denials in paragraphs 12 and 24 herein. Except as

8    admitted above, the Liquidating Agent denies each and every remaining allegation in this

9    paragraph, if any.

10    44.    Answering paragraph 44, the Liquidating Agent admits that Kaiperm was placed

11    in involuntary liquidation by the NCUA on September 26, 2006 and that the Liquidating Agent

12    repudiated the lease effective October 23, 2008. Except as admitted above, the Liquidating Agent

13    denies each and every remaining allegation in this paragraph.

14    45.    Answering paragraph 45, the Liquidating Agent admits that Section 3.2 of the

15    Purchase and Sale Agreement ("PSA") sets forth the specific period of time for survival of

16    representations and warranties. Except as admitted above, the Liquidating Agent denies each and

17    every remaining allegation in this paragraph.

18    46.    Answering paragraph 46, the Liquidating Agent has no information or belief

19    sufficient to admit or deny the specific date of the close of escrow and, on that basis, denies the

20    first sentence of this paragraph. The Liquidating Agent further admits that it received a letter from

21    plaintiff dated October 28, 2008 that claimed to provide notice of a breach of warranty of

22    Sections 3.1(a), (d), (g) and (i) of the PSA by Kaiperm. Except as admitted above, the

23    Liquidating Agent denies each and every remaining allegation in this paragraph.

24    47.    Answering paragraph 47, the Liquidating Agent denies any breach of warranty

25    occurred by Kaiperm that caused any of the alleged damages in (A-H, inclusive). The

26    Liquidating Agent admits (A) and (B) occurred, but denies (C) as there was no default because

27    the Lease was repudiated by the liquidating agent, as permitted by law. As to the remaining

28    allegations in (D) through (H), the Liquidating Agent has no information or belief sufficient to

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

1    admit or deny the allegations in this paragraph and, on that basis, denies each and every allegation

2    therein, but denies that Kaiperm caused such damages, if any exist.

3        48.    Answering paragraph 48, the Liquidating Agent denies each and every allegation

4    in this paragraph.

5        49.    Answering paragraph 49, the Liquidating Agent denies each and every allegation

6    in this paragraph.

7        50.    Answering paragraph 50, the Liquidating Agent admits that Section 9.5 of the

8    Purchase and Sale Agreement between the parties contains an attorney's fees clause, as does

9    Section 31 of the Lease, the terms of which are contained in Exhibit 1 and 2, respectively.  Except

10   as admitted above, the Liquidating Agent denies plaintiff is entitled to recover attorney's fees and

11   further denies each and every remaining allegation in this paragraph, if any.

### FIRST AFFIRMATIVE DEFENSE

12

13       51.    The complaint fails to state a claim against this defendant upon which relief can be

14   granted.

### SECOND AFFIRMATIVE DEFENSE

15

16       52.    Plaintiff, suing as a partnership, lacks standing to assert the claims alleged in the

17   complaint, or is not the real party or parties in interest.

### THIRD AFFIRMATIVE DEFENSE

18

19       53.    As alleged, plaintiff's fraud and concealment claims alleged are federally

20   preempted, as the alleged fraud or concealment arises from Kaiperm's alleged non-disclosure of

21   information concerning the NCUA's examination activities at Kaiperm, which it had no duty to

22   disclose, because it was exempt, confidential and privileged pursuant to federal law.  (5 U.S.C.

23   §552 and 12 C.F.R. §§792.30, 792.40).

### FOURTH AFFIRMATIVE DEFENSE

24

25       54.    Plaintiff's claims are federally preempted by the Liquidating Agent's valid

26   repudiation of the lease, pursuant to statutory authority granted (12 U.S.C. §1787(c)),

27   extinguished any and all possible liability pursuant to the Lease or Purchase and Sale Agreement.

28   / / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

**FIFTH AFFIRMATIVE DEFENSE**

55.     Defendant had no duty to disclose those matters which it was not legally permitted to disclose, specifically, the NCUA's examination activities, because such information was exempt, confidential and privileged at the time. (5 U.S.C. §582 and 12 C.F.R. §§792.30, 792.40)

**SIXTH AFFIRMATIVE DEFENSE**

56.     Plaintiff or its agents, or employees were careless, negligent or at fault concerning the matters alleged in the complaint, and such carelessness, negligence or fault caused or contributed to the plaintiff's alleged damages. Any verdict rendered in favor of plaintiffs must be reduced by the percentage of plaintiff's carelessness, negligence or fault caused or contributed to their injuries or damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

57.     Plaintiff has failed to mitigate their injuries or damages, if any exist at all.

**EIGHTH AFFIRMATIVE DEFENSE**

58.     Plaintiff's claims resting upon breach of warranty provisions in the PSA are unenforceable because the specific warranty provisions allegedly breached are vague and lacking in specificity.

**NINTH AFFIRMATIVE DEFENSE**

59.     Plaintiff's claim for damages is limited by the provisions of 12 U.S.C. §1787(c)(3)(B), which provides that the liquidating agent cannot be held liable for damages including lost profits, punitive damages, and attorneys fees relating to repudiation of a lease.

**TENTH AFFIRMATIVE DEFENSE**

60.     Plaintiff's claim for damages is barred or limited by the provisions of 12 U.S.C. §1787(c)(4), which provides that the liquidating agent cannot be held liable for damages under any acceleration clause or other penalty provision relating to repudiation of a lease.

**ELEVENTH AFFIRMATIVE DEFENSE**

61.     Plaintiff's damages are speculative and not reasonably certain.

/ / /

/ / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

1

## TWELFTH AFFIRMATIVE DEFENSE

2     62.     To the extent the complaint alleges fraud or concealment based upon (a) matters of

3  opinion, not fact; (b) statement of the future financial performance of Kaiperm at indefinite future

4  dates; or (c) other statements which are not factual in nature, the claims are meritless as a matter

5  of law.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7     63.     Plaintiff has released or is otherwise contractually estopped from recovery on one

8  or more claims alleged in the Purchase and Sale Agreement because of Paragraphs 3.3 and/or 3.5.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

10    64.     Plaintiff's monetary damages are limited by all sums which it could reasonably

11  receive as fair market value for sale of the Property, or which it has received, or could reasonably

12  be expected to receive in rent.

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14    65.     Restitution claim is barred by the doctrine of laches and/or undue delay, election

15  of remedies and/or the doctrine of changed circumstances, by failing to timely pursue rescission

16  and restitution before Kaiperm's liquidation.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18    66.     Plaintiff must elect between monetary damages and equitable rescission or

19  restitution.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21    67.     Plaintiff has failed to act reasonably or equitably, or otherwise failed to perform

22  acts or conditions necessary to be entitled to rescission or restitution.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24    68.     There is no evidence of clear and convincing evidence of intentional fraud or

25  concealment justifying an award of punitive damages. *Civil Code* §3924.

26  / / /

27  / / /

28  / / /

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30861-38462 LRAGONES 578409.1

PROPOSED AMENDED ANSWER TO FIRST
AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1

### NINETEENTH AFFIRMATIVE DEFENSE

2      69.    Any recovery of punitive damages must comply with U.S. and California

3  constitutional requirement of due process; further, as Kaiperm's charter is revoked and it no

4  longer exists, no deterrent purpose would be accomplished by an award of punitive damages in

5  this case.

6

### TWENTIETH AFFIRMATIVE DEFENSE

7      70.    Plaintiff is equitably estopped from maintaining one or more of the causes of

8  action alleged in the complaint by the *D'Oench Duhme* doctrine, which limits the types of

9  evidence that may be offered in support of a claim against the Liquidating Agent. *See D'Oench*

10  *Duhme & Co. v. Federal Deposit Ins. Corp.* 315 U.S. 447 (1942)

11

### TWENTY-FIRST AFFIRMATIVE DEFENSE

12      71.    Plaintiff's complaint is barred by 12 U.S.C. §1787(p)(2), and similar provisions of

13  the Federal Credit Union Act, which, in effect, codify the *D'Oench Duhme* doctrine.

14

### PRAYER

15  WHEREFORE, Liquidating Agent, prays as follows:

16      (a)    That plaintiff takes nothing on its complaint and for judgment in favor of

17  defendant;

18      (b)    For reasonable attorney's fees and costs of the action, as permitted by contract, by

19  statute or other laws; and

20      (c)    For such other and further relief as the court deems just and proper.

21

22  Dated:   December ___, 2009          LOMBARDI, LOPER & CONANT, LLP

23

24                            By:___***UNSIGNED UNTIL APPROVED***___

PETER O. GLAESSNER

25                             Attorneys for Defendant, National Credit

Union Administration Board, acting as

26                             liquidating agent for Kaiperm Federal

Credit Union

27

28  / / /

1

**DEMAND FOR JURY TRIAL**

2          Defendant The Board of the National Credit Union Administration, acting as liquidating

3    agent for Kaiperm Federal Credit Union,  demands jury trial on all claims alleged triable to a jury.

4

    Dated:    December ___, 2009                    LOMBARDI, LOPER & CONANT, LLP

5

6                                                  By:_____*UNSIGNED*_____
                                                       PETER O. GLAESSNER
7                                                  Attorneys for Defendant, National Credit
                                                   Union Administration Board, acting as
8                                                  liquidating agent for Kaiperm Federal Credit
                                                   Union
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

30861-38462 LRAGONES 578409.1

- 15 -